IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

**LINDA MCCABE**,

        Plaintiff,

v.                                                                                                  No. CIV 04-992 BB/WDS

**UNITED PARCEL SERVICE, ET AL.**,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

    THIS MATTER comes before the Court for consideration of a motion to dismiss (Doc. 86) filed by Defendants. The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, Defendants' motion will be denied.

    Defendants' motion raises three main arguments: (1) the ADA retaliation claim that survived summary judgment must be dismissed because Plaintiff did not include it in any of her EEOC claims and so did not exhaust her administrative remedies as to that claim; (2) the ADA retaliation claim was not raised in Plaintiff's second amended complaint, and should be dismissed; and (3) once the ADA retaliation claim is dismissed, the only claim remaining in the case is the breach-of-mediation-agreement claim, which is a state-law claim over the Court should decline to exercise jurisdiction.

    **Exhaustion of Remedies:** Defendants' exhaustion-of-remedies argument is jurisdictional and therefore demands close scrutiny. Defendants narrowly construe the ADA retaliation claim to be based only on alleged retaliation for one specific form of protected conduct – Plaintiff's request for accommodation in April 2003, when she asked to go back to work on a part-time basis. As discussed below, however, the Court finds Plaintiff clearly exhausted retaliation claims based on

her August 2002 and May 2003 EEOC charges, and contrary to Defendants' argument finds there are genuine issues of fact as to whether Defendants' adverse employment actions were taken in retaliation for those charges.  Furthermore, the Court finds that Plaintiff, during the EEOC process, adequately raised the claim that she was retaliated against for asking to go back to work in April 2003, and thus exhausted her administrative remedies as to that specific claim.

    At the hearing on this motion Defendants agreed that in various EEOC charges, Plaintiff specifically claimed Defendants' alleged retaliation was in response to her earlier EEOC filings. Defendants argued, however, that there is no evidence of a causal connection between any earlier EEOC filing and a subsequent adverse employment action.  The Court disagrees.  The August 2002 EEOC charge led to the September 24, 2002 settlement agreement.  The very first time Plaintiff asked to go back to work following that agreement, however, her request was refused and her employment was terminated.  A reasonable factfinder could decide this was evidence of ill will on Defendants' part, and could also find the ill will was a result of resentment due to the prior EEOC charge and the settlement of that charge.  This is true despite the lack of temporal proximity between the August 2002 charge and the termination, simply because the termination occurred so quickly after Plaintiff asked to return to work in accordance with the settlement agreement.  In other words, the same evidence that raises an issue of fact as to whether Defendants retaliated against Plaintiff for asking to go back to work, raises an issue of fact as to whether the retaliation was due to Plaintiff's earlier filing and settlement of the August 2002 EEOC charge.

    As to the May 2003 EEOC charge, the first subsequent adverse employment action was Defendants' refusal to rehire her for her old position, which occurred in August 2003.  Normally, a three-month period of time between protected conduct and an adverse action might be on the borderline when deciding whether an inference of retaliation may be drawn.  *See, e.g., Conner v.*

*Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir.1997) (suggesting that a four-month period between a plaintiff's participation in a protected activity and the alleged retaliatory action without more would be insufficient to support an inference of causation). However, given the history of interactions between the parties, again with particular emphasis on Defendants' actions the very first time Plaintiff asked to be accommodated following the settlement agreement, there is an issue of fact as to whether part of the reason why Plaintiff was not re-hired was her filing of the May 2003 EEOC charge. This same evidence also raises an issue of fact as to whether Plaintiff's August 2003 EEOC charge, or one of her earlier ones, caused Defendants to refuse her requests to be hired for any of the three positions she applied for in September 2003.[1]

In sum, Plaintiff exhausted ADA retaliation claims based on her filings of various EEOC charges, and there is sufficient evidence to submit the causation issue to the jury. Dismissal of the ADA retaliation claim is not warranted on that basis alone.

Furthermore, the Court finds Plaintiff adequately exhausted her claim that she was terminated in retaliation for asking to go back to work in April 2003. When deciding what claims have been exhausted by an EEOC charge, a court must liberally construe the charge, and the charge should be considered to encompass all claims "reasonably expected to grow out of the charge of discrimination." *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006); *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006); *Mackenzie v. City and County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005). Plaintiff's May 2003 EEOC claim has check marks in the boxes for "retaliation," "age," and "disability." In the statement of discrimination, Plaintiff alleges, "Respondent would not accommodate my disability and allow me to return to

---

[1]The Court notes that Defendants presented evidence that all three positions would have been promotions for Plaintiff. Unless Plaintiff presents evidence that a promotion would have been justified under the circumstances in the absence of retaliation, the jury will not be allowed to consider Defendants' refusal to hire Plaintiff for any of these positions as an act of retaliation.

work, even though I was ready to go back to work." This references Plaintiff's request for accommodation (being allowed to go back to work part-time), and combined with the references to retaliation means the claim of retaliation for trying to go back to work should "reasonably" be "expected to grow out of the charge of discrimination." Also, Defendants attached a letter to the reply brief, from Plaintiff to the EEOC, in which Plaintiff tells EEOC: "After my filing with the EEOC, UPS refused to accommodate me and fired me after being off the job for a year, although my physician gave me a release in September 2002 and again in February 2003. On May 5, 2003 I was fired because UPS would not allow me to return to work with any restrictions. I believe that based on my doctor's report to UPS I was eligible for a reasonable accommodation which would allow me to continue to carry out my duties part time, or full time." This statement, although more clear with respect to retaliation for filing an EEOC charge, essentially says that after Plaintiff provided a doctor's report to UPS saying she was eligible for a reasonable accommodation, she was fired instead of being accommodated. This is initially the same as saying she was fired because she asked for accommodation.

Plaintiff consistently maintained, during the EEOC process, that when she asked to go back to work she was terminated instead. Even though she specifically blamed that action on her prior EEOC filings, this assertion is also broad enough to raise the issue of whether she was terminated simply because she asked to go back to work. She therefore exhausted her administrative remedies as to such a claim as well.

**Failure to Include ADA Retaliation Claim in Complaint:** This is not a jurisdictional argument and therefore invokes the Court's discretion. The Court will exercise that discretion to deny the motion to dismiss, for three reasons: first, construing the complaint broadly, an ADA retaliation claim was included; second, it does not matter because such a claim was included in the pretrial report and that report controls the trial; and third, even if such a claim was raised for the

4

first time in the response brief during summary judgment proceedings, this Court can construe that response as a motion to amend the complaint and grant the motion.

In the second amended complaint, Plaintiff included a claim titled Count III; under "Count III" there was a line saying "RETALIATION" and under that line is a line saying "VIOLATION OF TITLE VII, 42 U.S.C. 2000e, *et seq.*" Because this heading refers only to Title VII, Defendants argue that it contains only a Title VII retaliation claim, not an ADA retaliation claim as well. However, it is axiomatic that in reviewing a complaint to see whether it sufficiently states a claim, a court does not look only at the characterization of the legal claim given by the plaintiff; instead, the court looks at the facts alleged to see what legal claims are present. *See, e.g., McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 428 (7th Cir. 2005) (look at facts alleged; no legal theory need be alleged, and incorrect legal theory is not fatal); *Cruz v. Melecio*, 204 F.3d 14, 21 (1st Cir. 2000) (look at facts alleged; no dismissal if facts state claim under any supportable legal theory). In the second amended complaint Plaintiff included factual allegations stating that her May 2003 EEOC charge included claims of disability discrimination and retaliation; that she was released to work on April 21, 2003, but "UPS did not re-employ McCabe. Indeed, in early May 2003, UPS notified McCabe that her employment had been terminated;" and that UPS' termination of Plaintiff was "retaliatory" and came in a letter stating she had been off work for 12 months and was not entitled to a reasonable work accommodation. These allegations are certainly enough to state a broad claim for ADA retaliation. They are also sufficient, although sparse, to state a claim that Plaintiff was terminated and not rehired in retaliation for trying to get an accommodation for her disability.

Even if the allegations of the second amended complaint did not adequately state an ADA retaliation claim, the pretrial report does contain such a claim and the pretrial report controls the remainder of the litigation. *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002). In the

5

section of the pretrial report concerning the parties' claims and defenses, Plaintiff specifically says, "[a]fter and because she filed several complaints with the EEOC, UPS retaliated against her and would not allow her to return to work under any circumstances, thereby forcing her termination and refusing to re-hire her."  The EEOC complaints filed by Plaintiff included the August 2002 charge, which contained both Title VII and ADA claims, as well as the May 2003 charge, which specifically cites to the ADA, and the August 2003 charge, which alleges retaliation due to the May 2003 charge.  Therefore, the retaliation claims contained in the pretrial report are ADA retaliation claims, not simply a Title VII retaliation claim.  As to the very specific ADA-retaliation-for-requesting-accommodation claim, nothing in the pretrial report specifically says UPS acted because Plaintiff requested accommodation.  However, Plaintiff did reference the refusals by UPS to provide accommodations, as well as the termination and refusals to re-hire.

Finally, the complaint and/or the pretrial report do not foreclose this outcome, because under the circumstances of this case the Court will construe Plaintiff's argument in her response brief as a motion to amend the complaint to include the specific claim of ADA-retaliation-for-requesting-accommodation.  *See Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003) (district court has authority to so construe a summary-judgment response raising a new argument).  Defendants, despite their protests, have had enough notice of an ADA retaliation claim to allow the claim go to trial, both under the theory of retaliation for past EEOC charges and under the theory of retaliation for attempting to go back to work even though she was not yet able to work full-time.  This is especially true since no additional discovery will be required to litigate such a claim; all of the facts for all of the existing claims are intertwined.

**Breach-of-Mediation-Agreement Claim:**  Defendants' last argument is that, assuming the ADA retaliation claim is dismissed, the Court should refuse to exercise supplemental jurisdiction over the breach-of-mediation-agreement claim, which Defendants maintain is a state-

law claim. The Court's refusal to dismiss the ADA claim moots this request. However, the Court notes that, even if the ADA retaliation claim was dismissed, Defendants' argument would not be persuasive. First, it is not clear that the breach-of-agreement claim actually is a state-law claim, as most circuits say it is not; and second, it would not be fair to Plaintiff to send this case back to state court at this late date.

With respect to the first point, in the Tenth Circuit if there is a *private* settlement of an employment case (after EEOC has concluded its process, and the plaintiff has filed suit), any claim for breach of that private settlement is a state-law claim and cannot support federal-court jurisdiction on its own. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111, 1112 (10th Cir. 1994). However, the *Morris* court noted that in other circuits, if there is a mediated settlement agreement with EEOC involvement, an action to enforce that settlement agreement is a federal claim that presents a federal question. *See id.*, fn. 4 (citing cases). *Morris* declined to say whether the Tenth Circuit would follow the other circuits if presented with a similar case. However, the facts in this case present an attractive scenario for application of the majority rule. Plaintiff and UPS engaged in mediation under the auspices of the EEOC. Furthermore, an EEOC official signed the mediated settlement agreement, noting that EEOC would not pursue enforcement of the claim due to the agreement. This clearly makes the settlement agreement in this case not a private settlement, but one in which EEOC participated. This Court would therefore, if necessary, likely follow the existing law in other circuits and find that an action to enforce a mediated EEOC settlement agreement to which the EEOC was a party provides federal-question jurisdiction and may be brought in federal court.

The Court need not comment at length on the second point. Retention of a state-law claim following dismissal of all federal claims is discretionary with the district court, which must consider the status of the litigation and issues of fairness. The unfairness of forcing Plaintiff, who

7

attempted to litigate this matter in state court but was brought to federal court by Defendants, to start over again in state court, on the eve of trial, is obvious.

Based on the foregoing, the motion to dismiss will be denied.

## ORDER

Based on the foregoing memorandum opinion, Defendants' motion to dismiss (Doc. 86) is hereby DENIED.

Dated this 5th day of September, 2006.

BRUCE D. BLACK
United States District Judge

**ATTORNEYS**:

**For Plaintiff**:
Michael E. Mozes

**For Defendants**:
David T. Barton
Deanna R. Rader
Stan N. Harris